IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN STEPHEN THORNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-561 RP |
| | § | |
| UNION PACIFIC CORPORATION and | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed November 18, 2015 (Clerk's Dkt. #17) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Plaintiff John Stephen Thorne ("Thorne") brings this action against Defendants Union Pacific Corporation and Union Pacific Railroad Company. Thorne contends he is the current owner of shares of stock issued in 1859 by Southern Pacific Railroad Company ("SPRC"), the predecessor of Defendants. He seeks an accounting and declaration of the value of those shares and the dividends and interest earned on those shares since their issuance.

Defendants now move to dismiss Plaintiff's claims on the basis that he has failed to allege facts sufficient to show he has standing to seek relief against them. The parties have filed responsive pleadings and the motion is ripe for review.

### II. APPLICABLE LAW

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One

element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is not subject to waiver and demands strict compliance. *Raines*, 521 U.S. at 819; *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). To meet the standing requirement a plaintiff show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Consol. Cos., Inc. v. Union Pacific R.R. Co.*, 499 F.3d 382, 385 (5th Cir. 2007).

### III.  DISCUSSION

Defendants contend Plaintiff has failed to allege facts which establish he is the owner of ths stock at issue in this lawsuit. They maintain possession of a stock certificate alone is not enough, rather proof of ownership requires proof of legal transfer. According to Defendants, Plaintiff's allegations do not establish the transfers of the stock complied with the formalities required under Texas law to transfer stock.

In his complaint, Plaintiff alleges that on June 10, 1859, SPRC issued to Mrs. Mary Key 300 shares of $100 each in the capital stock of SPRC. (Plf. 1st Am. Compl. ¶ 17). He alleges, at some time in the early 1890's, Mary Key or her son Edmond Key "gifted, sold, or otherwise properly conveyed to L. S. Thorne" the 300 shares of stock. (*Id*. ¶ 41). Plaintiff further alleges L. S. Thorne, prior to his death in 1917, gifted the 300 shares of stock to his wife Mary Thorne. (*Id*. ¶ 42). He next alleges that in 1932 Mary Thorne gifted the 300 shares of stock to her biological grandson Lansing Stephen Laird, who changed his name to Lansing Stephen Thorne in 1942. (*Id*. ¶ 43). Plaintiff finally alleges that, in 2005, Lansing Stephen Thorne, gifted the 300 shares of stock to him,


in his birth name of John Stephen Crumby, which he has now legally changed to John Stephen Thorne. (*Id*. ¶ 46).

Defendants argue at some length that these allegations are insufficient because Plaintiff does not identify the precise nature of each transfer. For example, Defendants argue any transfer via an estate may have left other heirs with a claim to the stock. Defendants also maintain proof of compliance with the formalities of stock transfer is indispensable in determining the nature of the rights transferred.

The Court does not disagree that Plaintiff will need to present evidence supporting his claims regarding the chain of title to the 300 shares of stock and the nature of the interest which survives those transfers to succeed in this action. However, at this point in the litigation, such evidence is not required. Rather, "[i]n ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Fortune Nat'l Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). Plaintiff has alleged facts which support his claim of ownership of the 300 shares of stock. At this stage of the litigation, that is sufficient.

## V. CONCLUSION

Accordingly, the Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Dkt. #17).

**SIGNED** on January 21, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE